Napoleon **ROPER,** by his father and next friend James E. Roper, et al., Plaintiffs-Appellants,

v.

**EFFINGHAM COUNTY BOARD OF EDUCATION et al., etc.,** Defendants-Appellees.

No. 75–2890
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 19, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Bobby L. Hill, Savannah, Ga., Jack Greenberg, New York City, for plaintiffs-appellants.

A. Pratt Adams, Jr., Richard J. Harris, Savannah, Ga., M. C. Mangham, Jr., U. S. Dept. of Health, Education and Welfare, Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

This dispute grows out of a school case brought in 1969 which resulted in the desegregation of the Effingham County School District. As a result of the Court approved plan, George Hunter, formerly principal of an all black elementary school, became assistant principal of the integrated Effingham County High School. Hunter filed the present action in 1974 claiming racial discrimination in the failure of the School Board to promote him to the office of principal. After an evidentiary hearing the District Judge found that the School District did not discriminate against Hunter in denying him the promotions he sought. We affirm.

Hunter has conceded on appeal that his move from elementary principal to high school assistant principal was not a demotion. Therefore the *Singleton*[1] per se rule requiring that he be offered the next principalship before a non-black was recruited for the job does not apply. The standards set forth in *United States*

*v. Jefferson County Board of Education,* 5 Cir., 1967, 380 F.2d 385, are applicable, however. The School Board has the burden of proving that its personnel decisions were free from racial considerations.

A great deal of evidence was developed below concerning Hunter's competency and the basis of the School District's decision to promote others to the principalships. Looking at all of the evidence, the District Court concluded that the School Board's decision to promote others rather than Hunter was based on merit, or lack thereof, and not on race. Considering particularly the unique position of the trial court to judge the credibility of the witnesses, we find that the evidence was sufficient to support this conclusion. *See* F.R.Civ.P. 52(a).

Affirmed.

1. *Singleton v. Jackson Municipal Separate School District,* 5 Cir., 1970, 419 F.2d 1211, 1218 (en banc). *See Pickens v. Okolona Mu-nicipal Separate School District,* 5 Cir., 1976, 527 F.2d 358.