541 F.2d 1094
 18 Fair Empl.Prac.Cas. 1759,
12 Empl. Prac. Dec. P 11,231
Earlean McCORMICK, Plaintiff-Appellant,
v.
ATTALA COUNTY BOARD OF EDUCATION, James Foster, Individually
and in hiscapacity as Superintendent of Education
of the Attala County Schools, et
al.,Defendants-Appellees.
 No. 76-1877
 Summary Calendar.*
United States Court of Appeals,
Fifth Circuit.
 Nov. 4, 1976.
 
 James O. Ford, Tupelo, Miss., David Rubin, Wendy S. White, Stephen J. Pollak, Washington, D. C., for plaintiff-appellant.
 Wm. R. Ford, David E. Crawley, Jr., Kosciusko, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Mississippi.
 Before WISDOM, GEE and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The sole issue presented on this appeal is whether the district court, 407 F.Supp. 586, after finding the defendant school board's fixed racial ratio hiring policy unconstitutional, erred in refusing to award the plaintiff-appellant back pay and order her reinstatement as a teacher. The district court found such relief unwarranted "(d)ue to the unique factual circumstances in this case". Because we are unable to determine what these unique circumstances are, and consequently whether they constitute adequate grounds for denying the appellant the relief she seeks, and because the district court may have misconstrued the applicable principles of law, we vacate the denial of relief and remand the case to the district court for reconsideration or clarification of its basis for refusing the appellant back pay and reinstatement.
 
 
 2
 The appellant, a black teacher, brought suit under 42 U.S.C. §§ 1981 and 1983 alleging that both her dismissal by the board and the board's subsequent failure to rehire her were for constitutionally impermissible reasons. The district court found that her dismissal was neither violative of our decree in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 (en banc), nor racially motivated, and the appellant does not appeal these findings. However, the district court did find that the board's failure to rehire the appellant was "the result of the school board's policy of replacing white teachers with white teachers and black teachers with black teachers". The court properly held this practice unconstitutional because it amounts to a racial classification of job applicants and enjoined its further implementation, but failed to grant the appellant any individual relief.
 
 
 3
 The principles governing a discriminatee's right to back pay and individual injunctive relief in this circuit are clear. Once discrimination is proved, a presumption of entitlement to back pay and individual injunctive relief arises. The burden of proof then shifts to the employer to show by clear and convincing evidence that the discriminatee would not have been hired absent discrimination. Mims v. Wilson, 5 Cir. 1975, 514 F.2d 106, 110; Cooper v. Allen, 5 Cir. 1972, 467 F.2d 836, 840. If the employer cannot meet this burden, then back pay must be awarded unless special circumstances are present. Pettway v. American Cast Iron Pipe Co., 5 Cir. 1974, 494 F.2d 211, 253. These principles are applicable whether suit is brought under Title VII or under 42 U.S.C. § 1981. Mims v. Wilson, supra, at 109.
 
 
 4
 The record in this case reveals, and the district court apparently found, that the school board did not adequately rebut the appellant's prima facie case of discrimination. Thus, the appellant is entitled to back pay and reinstatement unless special circumstances exist to justify the refusal of such relief. For the district court's guidance on remand, we note that the board's possible misunderstanding of the law would not constitute such special circumstances. This is so for two reasons. First, even if the law with respect to filling teaching vacancies was unclear "(t)he unsettled state of the law" has been thoroughly rejected as a defense to back pay liability under both Title VII and Section 1981. United States v. United States Steel Co., 5 Cir. 1975, 520 F.2d 1043, 1059. Second, the law was clear that the vacancy policy pursued by the school board was impermissible. See Lee v. Macon County Board of Education, 5 Cir. 1973, 482 F.2d 1253; Carter v. West Feliciana Parish School Board, 5 Cir. 1970, 432 F.2d 875. Similarly, the board's lack of bad faith would also be an insufficient reason to deny the appellant the relief she requests. United States v. United States Steel Co., supra, at 1053.
 
 
 5
 On remand, the district court may either grant the appellant the relief she seeks or deny the relief setting forth the special circumstances that justify such a disposition.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I