**Willie T. ALLEN, Plaintiff-Appellant,**

v.

**GRENADA MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.**

No. 77–2320
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 19, 1978.

Rehearing Denied Aug. 7, 1978.

* Rule 18, 5 Cir.; *See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

Fred L. Banks, Jr., Jackson, Miss., Jack Greenberg, Melvyn R. Leventhal, New York City, for plaintiff-appellant.

A. F. Summer, Atty. Gen., Jackson, Miss., L. G. Fant, Jr., Holly Springs, Miss., Holmes S. Adams, William Timothy Jones, Jackson, Miss., for defendants-appellees.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

■ The appeal in this Title VII employment discrimination action by a public school principal asserts error in (1) the consolidation of the action with a pending system-wide school suit in lieu of its certification as a class action, and (2) the use of an improper standard for the court's determination that the defendant school district proved that its employment practices with regard to plaintiff were racially neutral. We affirm.

The court properly refused to certify plaintiff's suit as a class action. The court had previously entered an injunction, which expressly covered discrimination in employment, in a pending school desegregation action. Consolidating this proceeding with the prior broader case concerning all phases of school district activity fully accords with our precedent. *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044 (5th Cir. 1975); *Hines v. Rapides Parish School Board,* 479 F.2d 762 (5th Cir. 1973). No right of plaintiff or any member of his putative class was adversely affected by this procedure since each had a duty to intervene in that action to settle grievances of the kind asserted here.

■ After a full trial to the court of the merits, the district court, in a detailed bench opinion, made findings on every significant fact developed by the proof. Based upon this intricate analysis, he concluded that a prior history of discrimination required the school district to carry the burden of showing it practiced no racial discrimination in any phase of plaintiff's employment. The court's specific findings of lack of discrimination as to plaintiff in pay and opportunities for transfer and promotion were each and all supported by credible

evidence and none was clearly erroneous. Indeed, the plaintiff concedes this to be so but asserts the court's conclusion was faulty because the court did not require the defendant school district to establish lack of discrimination clearly and convincingly. Precisely, he complains that the evidence required to meet the defendants' burden in such a situation had to be more objective and uniform.

The district court obviously credited the testimony of the system superintendent. The superintendent testified that salaries of all principals were based on workload considerations which were individually described. The superintendent also testified to the factors surrounding other job opportunities accorded to plaintiff which were either refused by plaintiff or which were awarded to others. In addition, the court considered plaintiff's proof which asserted racial discrimination in the employment of others to the extent such proof might be relevant to the claim of discrimination against plaintiff. The court's approach was correct, and its ultimate conclusion of no discrimination cannot be reversed.

The judgment appealed from is
AFFIRMED.