470

Birdie Mae DAVIS et al., Plaintiffs,

United States of America,
Plaintiff-Intervenor,

Edwin Foster and James E. Buskey,
Plaintiffs-Intervenors-Appellants,

v.

BOARD OF SCHOOL COMMISSIONERS
OF MOBILE COUNTY et al.,
Defendants-Appellees.

No. 78–1078.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1979.

J. U. Blacksher, Mobile, Ala., Jack Greenberg, Bill Lann Lee, New York City, Solomon S. Seay, Jr., Montgomery, Ala., for Edwin Foster and James E. Buskey.

Sintz, Pike, Campbell & Duke, Daniel A. Pike, Mobile, Ala., for Board of School Com'rs of Mobile County.

Before AINSWORTH, GODBOLD and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Plaintiffs-intervenors are black assistant principals in the Mobile County school system. They charge that the defendants have discriminated against blacks in awarding promotions by keeping black personnel in traditionally black schools and by failing to appoint blacks to higher administrative level jobs. The origins of this on-going school case date back to 1963 and the history of the employment discrimination phase of this case is set forth in *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044 (5th Cir. 1975). After extensive hearings and discovery, the individual actions of Foster and Buskey were dismissed on the merits by the district court pursuant to its finding that the defendants' failure to promote either of the plaintiffs was not racially motivated. The plaintiffs argue on appeal that the district court erred (1) in denying them class action certification and (2) in denying their individual claims. We hold that the plaintiffs' first challenge is meritless, but we remand to the district court for additional findings of fact regarding the second.

I. *The Denial of Class Action Certification.*

Both plaintiffs sought and were denied class action status. Foster's motion was denied prior to the 1975 appeal. Buskey's motion was denied on January 24, 1977. The plaintiffs argue that even though they intervene in a pending school desegregation case, which is a class action itself, they should be allowed to proceed as representatives of the class of black professionals within the broad class encompassed by the parent case. Since, however, the court had previously entered an injunction, in the original class action, which specifically covered discrimination in employment, the court's denial of class action certification was proper.[1] "No right of [either] plaintiff or any member of his putative class was adversely affected by this procedure since each had a duty to intervene in [the prior broader case] to settle grievances of the kind asserted here." *Allen v. Grenada Municipal Separate School District*, 575 F.2d 486, 487 (5th Cir. 1978). The district court's disposition of the class action motion certainly appears to have adequately protected the rights of all concerned parties. The individual plaintiffs were subsequently allowed to attempt to prove their claims, although the trial court eventually found, on October 25, 1977, that there was no discriminatory motive on the defendants' part in failing to promote Foster and Buskey and dismissed their actions on the merits. Furthermore, pursuant to its retained jurisdiction for the purpose of monitoring the desegregation order, the district court ordered, on October 27, 1977, the School Board to revise its promotion procedures so that any suggestion of arguable discrimination be eliminated. The court, thus, exercised its duty to supervise the defendants' compliance with the original desegregation order and thereby rendered at least partial relief for the class which the plaintiffs had sought to represent. On remand, the court is instructed to provide the original *Davis* class representatives an opportunity to show the need for additional relief.[2] Where

---

1. The district court denied class action certification on the ground that this Court's decision in *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044 (5th Cir. 1975), an interlocutory appeal, precluded Buskey and Foster from advancing any class claims. We do not read that decision as precluding per se Buskey and Foster from asserting through complaints in intervention the right to represent a subclass included within the overall *Davis* class. The district court's denial of certification was proper, however, because the overall *Davis* class was adequate to represent the interests of the subclass that Foster and Buskey sought to represent.

2. The record does not indicate that any representative of the *Davis* class participated in the instant lawsuit and protected the interests of the class, although Foster and Buskey are represented by several of the same attorneys who are attorneys of record for the original *Davis* class. Hence, no one has appeared in this Court to represent the interests of the *Davis* class, and Foster and Buskey are the only appellants before this Court. We do not purport to review the district court's October 27 order regarding relief due the class; we merely note that the court *sua sponte* issued the order, invoking its authority to monitor the desegregation order. In view of the fact that the order

the district court is under such an on-going duty to guard the rights of a specific class, additional representation of that class by an intervening individual is superfluous and contrary to the authority in this Circuit. *See Allen v. Grenada Municipal Separate School District,* 575 F.2d at 487.

## II. *The Dismissal of the Individual Claims.*

The plaintiffs assert four grounds in their argument that the district court erred in dismissing their individual actions on the merits: (1) the court improperly based the dismissals on consideration of the School Board's motives; (2) purposeful racial discrimination was proved; (3) the court's findings of fact were clearly erroneous; and (4) the court applied the wrong statute of limitations to Mr. Foster's individual claim.

■■■ The plaintiffs' contention that the district court's dismissals were in error because they were based on a finding of no discriminatory motive is without merit. The plaintiffs assert that they have been victims of the "disparate impact" of the School Board's facially neutral practices governing promotions, so that proof of discriminatory motive is not required under Title VII of the Civil Rights Act of 1964, as interpreted by *Griggs v. Duke Power Co.,* 401 U.S. 424, 430–32, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). The problem in *Griggs* centered around the disparate impact of tests required of applicants for certain jobs. The tests were facially neutral, but the inferior educational backgrounds common to the black applicants, resulting in test scores consistently lower than those of whites, yielded racial discrimination in requiring such testing absent a showing of business necessity. The allegations of disparate impact in the case at hand cannot withstand scrutiny, for the charge is that

was *sua sponte,* the path is yet clear for the *Davis* class to bring forth additional evidence of discrimination before or after October 27, 1977,

the defendants based principal and administrative promotions on race. Such alleged discrimination is, by definition, the result of overt consideration of race. In any event, the burden of proving discriminatory motive was not on the plaintiffs. Rather, the defendants had the burden of proving that their personnel decisions were not racially motivated. *Hereford v. Huntsville Board of Education,* 574 F.2d 268, 270 (5th Cir. 1978); *Roper v. Effingham County Board of Education,* 528 F.2d 1024, 1025 (5th Cir. 1976).

■■■ The plaintiffs next contend that purposeful racial discrimination was proved. The district court did, in fact, find that "[t]he School Board has apparently followed the practice of assigning white principals to formerly white schools and black principals to formerly black schools except in those instances where formerly white schools have become predominantly black and formerly black schools have become predominantly white." The court then correctly concluded that "the implication can be drawn that assignment of principals in [sic] not in accordance with the requirements of law that the schools be not racially identifiable by virtue of faculty assignment." *See United States v. South Park Independent School District,* 566 F.2d 1221, 1226 (5th Cir. 1978); *Singleton v. Jackson Municipal Separate School District,* 419 F.2d 1211, 1217–18 (5th Cir.), *cert. denied,* 396 U.S. 1032, 90 S.Ct. 612, 24 L.Ed.2d 530 (1970). This finding and conclusion is in regard, however, to principal assignments by the defendants for the group of applicants in general and accompanies the order entered by the district court in the original school desegregation case. The court noted that discrimination resulting from the defendants' unlawful promotion practices was shown in the Foster and Buskey cases "only as a statistical incident." The court's earlier finding, in the individual cases, of no racial discrimination with regard to these particular plaintiffs reflects the district court's belief that

and seek additional relief, should they desire to do so.

the defendants had overcome the presumption yielded by the class findings and conclusions: that they had discriminated against the plaintiffs. When plaintiffs prove that an employer discriminated against a class, then a presumption of back pay and individual injunctive relief arises, but the employer may rebut the presumption with clear and convincing evidence that a discriminatee would not have been hired absent discrimination. *See Turner v. Texas Instruments, Inc.,* 555 F.2d 1251, 1255 n.1 (5th Cir. 1977); *McCormick v. Attala County Board of Education,* 541 F.2d 1094, 1095 (5th Cir. 1976). Where the defendant offers sufficient proof that white recipients of promotions are better qualified than the black individual who alleges discrimination, then the district court's denial of injunctive relief and damages to that plaintiff is proper. *Cooper v. Allen,* 493 F.2d 765, 769 (5th Cir. 1974); *McCormick v. Attala County Board of Education,* 424 F.Supp. 1382, 1385 (N.D.Miss., 1976).

The plaintiffs assert, however, that the district court erred in concluding that they were less qualified than those persons actually promoted to principal and central office positions because that conclusion was based on a less than exhaustive comparison and was not reached by applying a uniform or standardized evaluation method.

■ The district court's findings of fact indicate that "[t]he evidence discloses that Foster did make an application [for a promotion] and that his name was considered along with others in regard to each vacancy that occurred." The court made findings of fact, however, that compared Foster's qualifications only with the recipients of those promotions for which he specifically applied. We vacate and remand so that the court can make the appropriate comparison and findings with respect to all of the promotion opportunities alleged to have been denied Foster due to racial discrimination.[3] Only those promotions within the relevant time periods, of course, are pertinent to this case.[4]

■ Contrary to the plaintiffs' assertions, utilization of a standardized procedure in evaluating promotion decisions is not required. The court's method of reviewing the criteria employed by the School Board and comparing the applicants' credentials and abilities was proper in form; though not rigidly structured, the court's analysis could have adequately indicated the nondiscriminatory bases on which he found the defendants' decisions to be justi-

3. The district court reviewed the failure of the plaintiffs to receive promotions that were given to blacks as well as whites. Since the denial of those promotions awarded to other blacks could not support a claim of racial discrimination, there is no need for the district court to deal further with them.

4. Buskey could arguably have been discriminated against by the denial of promotions awarded following his request for a promotion in the summer of 1973. He was discharged prior to the 1974–75 school year. Regardless of the two year maximum limitation found in 42 U.S.C. § 2000e–5(g), no consideration of the period prior to Buskey's request for a promotion is necessary.

The period of limitations applicable to Foster's 42 U.S.C. §§ 1981, 1983 claim is governed by state law, so that only the promotions given during the year preceding January 23, 1974, need be considered. Foster cannot, as the plaintiffs argue, take advantage of the two year period of limitations in 42 U.S.C. § 2000e–5(g) simply because his co-intervenor, Buskey, proceeds under 42 U.S.C. § 2000e–5. The plaintiffs base their argument on *Wheeler v. American Home Products Corp.,* 563 F.2d 1233 (5th Cir. 1977). That case held that intervenors in a class action, later declared not maintainable as a class action, do not have to satisfy the requirements of 42 U.S.C. § 2000e–5(f)(1) before they can prosecute a claim for back pay if one of the original plaintiffs had satisfied such requirements. In the case at hand, both plaintiffs were intervenors in a pending class action; none of the original plaintiffs had perfected a Title VII claim. Foster, who now seeks to ride Buskey's coattails regarding the Title VII claim and the two year backpay rule, filed his complaint nine months *before* Buskey's Title VII complaint in intervention had been filed. This case is readily distinguishable from the situation where an original plaintiff satisfies Title VII's requirements and a similarly situated person subsequently intervenes in that plaintiff's action. Neither plaintiff in this appeal is an original plaintiff; each is an intervenor in a class action filed some ten years earlier and each filed his complaint in intervention independently of the other.

fied. *See Hereford v. Huntsville Board of Education,* 574 F.2d 268. In light of the decision to vacate and remand for additional findings of fact, we do not reach the question whether the court was correct in concluding that those promotion recipients who were .compared to the plaintiffs were better qualified. We do suggest, however, that the court take the opportunity on remand to reconsider its findings in light of the recent *Hereford* case and to clarify its conclusion regarding individuals that do not appear, on the face of the findings, to have been better qualified.

The district court found that the criteria considered by the School Board in evaluating applications were the degree or degrees held by the applicants, the certification by the State, the length of experience, the job performance and letters of recommendation secured. Noting that some of these criteria might be classified as subjective in part, the court indicated that its independent analysis of the promotional decisions focused on objective measurements only. While not criticizing the court's caution in avoiding possible subjective considerations, we note that *Hereford v. Huntsville Board of Education,* 574 F.2d at 270, indicates that "[i]n filling job vacancies, a school board's decision may be based on certain subjective factors, such as an applicant's knowledge of his subject, philosophy on education and on life in general, appearance, references, leadership ability, and aggressiveness." On the basis of the objective criteria reviewed by the district court and set out in the findings of fact, we cannot say that we would affirm the court's findings that all white recipients of promotions were better qualified than were the plaintiffs. It would be helpful on remand for the district court to indicate whether or not any of the permissible subjective factors outlined in *Hereford,* and alluded to but not specified in the court's findings of fact, were determinative in this case. We note, for example, that the objective qualifications of Dr. Walsh and Mrs. Schaffer, standing alone, do not appear to be superior to those of Buskey. It may be, however, that allowable subjective factors formed the basis of the school board's promotional decisions regarding them.

■■ We note, in conclusion, that the plaintiffs have performed a valuable service for the class of black professionals which they sought to represent. Even though their individual claims may be found to be meritless on remand, they have succeeded in establishing that the defendants exercised unlawful promotion practices against the group of applicants in general with regard to principal assignments. Hence any member of that group may now come forward as an intervenor in *Davis v. Board of School Commissioners of Mobile County* and obtain relief, unless the defendants overcome the presumption that they discriminated by proving that the particular applicant would not have been promoted absent consideration of his race.[5] Therefore, the plaintiffs may be entitled to reasonable attorneys fees under 42 U.S.C.A. § 1988, 42 U.S.C.A. § 2000e–5(k), and 20 U.S.C.A. § 1617.[6] The district court should consider this point on remand and exercise its discretion accordingly. Should the district court reach a different conclusion on remand regarding the individual claims, then additional attorneys fees may be warranted.

The district court's order is affirmed with regard to the denial of class action certification and vacated and remanded for addi-

---

5. In addition, the district court has been instructed to entertain on remand any complaints that may be filed by the original *Davis* class. See fn. 2.

6. "[A]n individual plaintiff may be entitled to reasonable attorneys fees, despite his failure to prove his own claim, when the class he represents is successful." *Watkins v. Scott Paper Co.,* 530 F.2d 1159, 1198 n.53 (5th Cir. 1976). *Accord, Adams v. Reed,* 567 F.2d 1283 (5th Cir. 1978); *Williams v. Anderson,* 562 F.2d 1081 (8th Cir. 1977); *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C.1976), *aff'd sub nom. Parker v. Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); *Reed v. Arlington Hotel Co.,* 476 F.2d 721 (8th Cir. 1973); *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970); *N.A.A.C.P. v. Bell,* 448 F.Supp. 1164 (D.D.C.1978); *Fogg v. New England Telephone and Telegraph Co.,* 346 F.Supp. 645 (D.N.H.1972).

tional findings of fact not inconsistent with this opinion with regard to the dismissal of the plaintiffs' individual claims and claims for attorneys fees and expenses.

AFFIRMED in part; VACATED and REMANDED in part for proceedings not inconsistent with this opinion.

