762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES M. THOMPSON, ET AL., PLAINTIFFS,
MICHAEL FRIEND, PROPOSED INTERVENOR-APPELLANT,
v.
COMMONWEALTH OF KENTUCKY, DEPT. OF CORRECTIONS; DEWEY
SOWDERS, WARDEN; JAMES DENT, PRINCIPAL CHAPLAIN, JAMES W.
STEPHENS, WARDEN OF CUSTODY; TOM CAMPBELL, WARDEN OF
TREATMENT; HARRY ROTHGERGER, MEMBER, BD. OF PAROLE; STEVEN
T. SMITH, ACTING SUPERINTENDENT; BURNETT NAPIER,
CHAIRPERSON, OF KY. BD. OF PAROLE; GLEN WADE, MEMBER, KY.
BD. OF PAROLE; NEWTON MCCRAVY, MEMBER, KY. BD. OF PAROLE;
JOHN E. WHITE, MEMBER, KY. BD. OF PAROLE, INDIVIDUALLY AND
IN OFFICIAL CAPACITY, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-5522
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 ORDER
 
 1
 BEFORE: MERRITT and MILBURN, Circuit Judges; and GILMORE, District Judge.*
 
 
 2
 Friend appeals pro se from the district court's order denying his motion to intervene in this class action prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Friend is a prisoner at the Kentucky State Reformatory in LaGrange, Kentucky. He is a member of the class represented in a suit challenging the conditions of confinement at the Reformatory. He filed a motion in the district court to intervene on behalf of himself and a sub-class of other inmates suffering from serious medical illnesses and infirmaties. Friend requests $2,000,000.00 in damages.
 
 
 4
 The district court denied the motion on three grounds. First, the court held that members of a class cannot form sub-classes but must go through the underlying litigation for relief. Allen v. Grenada Municipal Separate School District, 575 F.2d 486, 487 (5th Cir. 1978). Second, the court noted that our Court has held that the creation of sub-classes for damages in this litigation would be inappropriate. Kendrick v. Bland, Unpublished Order, Case No. 82-5463 (6th Cir. March 29, 1984). Finally, the district court indicated that Friend has already recovered $1,000.00 in damages from the prison officials in Friend's own action concerning indifference to his medical needs.
 
 
 5
 We agree with the conclusions of the district court. An applicant for intervention has the burden of showing representation by existing parties is inadequate. Blanchard v. Johnson, 532 F.2d 1074, 1077 (6th Cir.), cert. denied, 429 U.S. 834 (1976); In re General Tire and Rubber Company Securities Litigation, 726 F.2d 1075, 1087 (6th Cir. 1984). Friend failed to carry his burden on this issue.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation