Sheila E. BENDER, Plaintiff,

v.

The SALVATION ARMY, a Georgia corporation, Defendant.

No. 89–1697–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 15, 1993.

David B. Kesler, St. Petersburg, FL, William Gene Trumbull, Law Office of William G. Trumbull, Tampa, FL, for plaintiff.

Robin Elizabeth Greiwe, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendant.

*ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF ACTION*

KOVACHEVICH, District Judge.

*INTRODUCTION*

This cause is before the Court on Defendant's motion for summary judgment as to damages and attorney's fees, filed May 24, 1993. The Court notes that despite adequate notice to the Plaintiff of Defendant's filing of a motion for summary judgment, Plaintiff filed no response to the Defendant's motion within the time prescribed under the local rules.

On February 22, 1988 Plaintiff was injured while at work for the Defendant. Plaintiff was terminated from her position as Community Center Director for the Defendant, THE SALVATION ARMY, on March 29, 1988.

Plaintiff alleges in her Second Amended Complaint, discrimination on the basis of her age, sex and handicap arising from her termination of employment with the Defendant. Count I alleges discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 601, *et seq.* Count II alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.* Count III alleges discrimination in violation of the Florida Human Rights Act of 1977 ("FHRA"), as amended, §§ 760.01–760.10, Florida Statutes. (1991).

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon the motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires that nonmoving party go beyond the pleadings and by her own affidavit, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 324, 2553, 106 S.Ct. at p. 2553.

*FACTS:*

Plaintiff, SHEILA E. BENDER, suffered an injury on February 22, 1988 while at work at the Pinellas Park Salvation Army Corps. From the date of her injury, she was unable to return to work again. Plaintiff filed a workman's compensation claim on February 24, 1988, and entered into a settlement agreement for that claim on December 20, 1988.

Plaintiff filed her Second Amended Complaint on April 24, 1990 alleging discrimination on the basis of age, sex and handicap arising out of termination of employment with the Defendant. The Plaintiff seeks reinstatement, back pay, attorneys' fees, and costs. Defendant maintains that the Plaintiff was fired due to insubordination.

DISCUSSION:

■ The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII), as amended by the Civil Rights Act of 1991, permit the recoupment of compensatory and punitive damages. However, the Eleventh Circuit determined that such damages are not applicable in cases which arose prior to November 21, 1991, the effective date of the Act. The damages provisions of the Civil Rights Act of 1991 are not retroactive. *Curtis v. Metro Ambulance Serv. Inc.*, 982 F.2d 472 (11th Cir.1993). Because Plaintiff's cause of action arose on the date she was fired, March 29, 1988, she is not entitled to compensatory or punitive damages under the ADEA or Title VII.

■ The Florida Human Rights Act of 1977 (FHRA), as amended by Sections 760.-01–760.10, Florida Statute (1991), allows for compensatory and punitive damages. The amendments to Ch. 760 state that such amendments allowing for compensatory and punitive damages are only applicable to conduct occurring on or after October 1, 1992. 1992 *Fla.Sess.Law.Serv.* 177, § 13. To determine whether the act applies to the cause of action, the court must look to the date upon which the alleged discriminatory conduct took place. Plaintiff alleges the discrimination took place on the day she was fired, March 29, 1988. Because the conduct complained of occurred prior to October 1, 1992, the Plaintiff is not entitled to compensatory or punitive damages under the Florida Human Rights Act.

■ Back pay has been regarded as a presumptive right of individuals who, because of discrimination, have been terminated from employment. *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1472 (11th Cir.1985); *McCormick v. Attala County Board of Education*, 541 F.2d 1094, 1095 (5th Cir.1976). Awards of back pay should be limited to proven economic loss. *Darnell v. City of Jasper, Alabama*, 730 F.2d 653, 656 (11th Cir.1984).

■ Because periods of unavailability are excluded from computations of back pay, Plaintiff cannot recoup damages for the period of time that she would have been unable to work due to her injuries. *Sennello v. Reserve Life Ins. Co.*, 667 F.Supp. 1498, 1520 (1987); *Ostapowicz v. Johnson*, 541 F.2d 394 (3rd. Cir.1976); *Sowers v. Kemira*, 701 F.Supp. 809, 826 (S.D.Ga.1988). The Plaintiff's injury and disability occurred prior to the alleged discriminatory firing by her employer. *White v. Carolina Paperboard Corp.*, 564 F.2d 1073, 1091 (4th Cir.1977). On the date that Plaintiff was fired, she was unable to work and as such, is not entitled to back pay, due to her unavailability caused by her injury. Plaintiff reached maximum medical improvement on May 26, 1988, and as of December 1988, Plaintiff's doctor, Harry Wassel M.D., verified that she met the permanent total disability standard. Even though Dr. Wassel states that the Plaintiff is potentially capable of engaging in sedentary work for a maximum of two hours a day, this speculation is not sufficient to find that Plaintiff is physically available for employment. Plaintiff was not in the labor market and did not return to the labor market during the period for which back pay is claimed. *J.H. Rutter Rex Manufacturing Co., Inc., v. N.L.R.B.*, 473 F.2d 223 (5th Cir.1973). Plaintiff would not have incurred any lost wages due to the alleged discrimination because she

was not able to work and has not worked since she sustained her injuries; therefore, she is not entitled to damages for back pay.

The Plaintiff has made no claim under the Americans with Disabilities Act of 1990. Additionally, there is nothing in the evidence pled that would support a finding for the Plaintiff under the A.D.A.

 Plaintiff did not file a motion for summary judgment nor a timely response to Defendant's motion. A Title VII Plaintiff who is not a prevailing party is not entitled to attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Defendant must submit further argument on the issue of an award of attorneys' fees and costs in favor of Defendant and assessed against Plaintiff.

**ORDERED** that the Defendant's motion for summary judgment as to damages and attorneys' fees be **granted** and the case shall be **dismissed.** If Defendant seeks attorneys' fees and costs, Defendant shall make a timely motion, supported by memorandum, for an award of costs and attorneys' fees.

**DONE and ORDERED.**