Before BLACK and PRYOR, Circuit Judges, and CONWAY,* District Judge.

PER CURIAM:

On July 15, 2005, the district court granted Appellees' Rule 12(b) motion to dismiss Appellant's complaint for declaratory judgment and injunctive relief, holding it lacked subject matter jurisdiction under 46 U.S.C. § 31325(b)(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1333. In the "Argument" section of Appellant's initial brief, he fails to (1) cite §§ 31325(b)(1),[2] 1331, and 1333; (2) cite a single case addressing the application of these statutes; or (3) explain how these statutes serve as a basis for subject matter jurisdiction. Under Federal Rule of Appellate Procedure 28(a)(9)(A) and our precedent, therefore, Appellant abandoned the relevant arguments he could have raised against the district court's holding. *See* Fed. R.App. P. 28(a)(9)(A); *Doe v. Moore*, 410 F.3d 1337, 1349 n. 10 (11th Cir.2005). Furthermore, even if Appellant had followed Rule 28(a)(9)(A), we would still hold §§ 31325(b)(1), 1331, and 1333 do not provide the federal courts subject matter jurisdiction over this case.

AFFIRMED.

Marinell RICHARDSON, Plaintiff–Counter–Defendant–Appellee,

v.

TRICOM PICTURES AND PRODUCTIONS, INC., a Florida corporation, Defendant–Appellant.

No. 05–11421.

United States Court of Appeals, Eleventh Circuit.

June 8, 2006.

Patricia Klein, Patricia Klein, P.A., Boca Raton, FL, for Defendant–Appellant.

Michael Anthony Pancier, Shawn L. Birken, Rothstein, Rosenfeldt, Dolin & Pancier, P.A., Fort Lauderdale, FL, for Plaintiff–Counter–Defendant–Appellee.

Before BLACK and PRYOR, Circuit Judges, and CONWAY,* District Judge.

PER CURIAM:

After reviewing the parties' briefs, the record, and the relevant case law, we conclude the district court did not err when it

---

* Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

**2.** Although Appellant discusses § 31325(b)(1) on page 16 of his initial brief, he does so in the context of explaining how the district court had subject matter jurisdiction over his May 15, 2005, foreclosure proceeding; he

does not, however, explain how § 31325(b)(1) provides the district court subject matter jurisdiction over this case.

* Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

denied Appellant's Rule 50(b) renewed motion for judgment as a matter of law.

AFFIRMED.

**Stephen H. GOLDMAN,
Plaintiff–Appellant,**

v.

**BRACEWELL & GUILIANI, L.L.P., a
Texas limited liability partnership,
Nancy A. Wodka, et al., Defendants–
Appellees.**

No. 05–15927.

United States Court of Appeals,
Eleventh Circuit.

June 8, 2006.

Robert J. Aranda, John W. Frost, II, Frost, Tamayo, Sessums & Aranda, P.A., Bartow, FL, for Plaintiff–Appellant.

Phyllis Pollard, Steve McConnico, Robyn Bigelow Hargrove, Jane Marie Webre, Scott, Douglass & McConnico, L.L.P., Austin, TX, David B. King, Mayanne Downs, King, Blackell, & Downs & Zehnder, P.A., Orlando, FL, for Defendants–Appellees.

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Stephen H. Goldman sued Bracewell & Giuliani, LLP, Nancy A. Wodka, and John R. Brantley (collectively, "Bracewell & Giuliani") for legal malpractice, breach of fiduciary duty, and negligent misrepresentation. Bracewell & Giuliani represented DPT, a company in which Goldman was the majority shareholder, in a sale of DPT to Adaptec. The district court granted summary judgment for Bracewell & Giuliani, finding that Goldman failed to raise a genuine issue of material fact as to the causation element of each of the alleged torts. Goldman appeals. We affirm.

The record supports the district court's finding that Goldman failed to present competent evidence that Bracewell & Giuliani proximately caused any damage to Goldman. Assuming arguendo that Bracewell & Giuliani breached duties to Goldman, Goldman still could not succeed in recovering on his tort claims because he presented no competent evidence that the sale of DPT would have gone forward at more than $184 million.[1]

On appeal, Goldman makes another argument that, even if the district court were correct with regard to the causation of damages resulting from the sale of DPT, its grant of summary judgment is erroneous because it forecloses his recovery of over $4 million in attorneys' fees and costs, causation of which is proven by the fact that he incurred these fees and costs in defense of an arbitration arising out of the sale of DPT. After reviewing the record, we find that, despite the facts that Bracewell & Giuliani filed a "Dispositive Motion for Summary Judgment" in the district

---

1. In an effort to muster some evidence of causation, Goldman argues that the district court abused its discretion in striking a privilege log and expert testimony that he offered in support of his claims. We find no abuse of discretion in either evidentiary ruling.