# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.

_____

Nos. 3D13-2866 & 3D13-1036
Lower Tribunal No. 09-89750

_____

**Caterpillar Logistics Services, Inc.,**
Appellant/Cross-Appellee,

vs.

**Rudolf Amaya,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Sedgwick LLP, and Gordon James III, Robert C. Weill, Heather Weeter and Lenore C. Smith (Fort Lauderdale); Perez & Rodriguez, P.A., and Javier J. Rodriguez, for appellant/cross-appellee.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten; Gonzalo R. Dorta, P.A., and Gonzalo R. Dorta; Roderick V. Hannah, Esq., P.A., and Roderick V. Hannah (Plantation); The Law Office of Pelayo Duran, P.A., and Pelayo M. Duran, for appellee/cross-appellant.

Before ROTHENBERG, LAGOA, and FERNANDEZ, JJ.

PER CURIAM.

We grant Caterpillar Logistics Services, Inc.'s motion for clarification, withdraw this Court's previous opinion dated March 2, 2016, and issue this opinion in its stead.

Caterpillar Logistics Services, Inc. ("Caterpillar"), appeals a final judgment entered in favor of Rudolf Amaya following a jury's verdict awarding Amaya back pay and front pay on his claim that Caterpillar unlawfully retaliated against him for filing a workers' compensation claim in violation of section 440.205, Florida Statutes (2008) ("retaliation claim"). Because the record demonstrates that Amaya was not physically able to work prior to and after Caterpillar's alleged retaliation, and as such, Caterpillar's retaliation did not cause Amaya any economic damages, we reverse the final judgment and remand with directions to enter judgment in favor of Caterpillar.

Amaya suffered an on-the-job injury to his back and knee while working at Caterpillar's facility on August 22, 2008. Shortly thereafter, he filed a workers' compensation claim. On November 11, 2008, Dr. Epstein, the physician who treated Amaya for his back injury, placed Amaya on "no work" status, and at that point, Amaya began to receive temporary total disability ("TTD") benefits from Caterpillar's workers' compensation carrier. The following day, November 12,

2008, Caterpillar indefinitely suspended/discharged Amaya. After being discharged by Caterpillar, Amaya also was placed on "no work" status by Dr. Dennis, the physician who treated Amaya for his knee injury. Although Amaya remained on "no work" status due to his back injury, Dr. Dennis temporarily upgraded Amaya's status relevant to his knee injury to sedentary work, but he quickly returned Amaya to the originally imposed "no work" status. Amaya received workers' compensation TTD benefits until mid-October 2010, and he settled his workers' compensation claim in late-October 2010.

Amaya's retaliation claim was tried before a jury starting in October 2012. Over several days, Amaya testified that Caterpillar harassed and retaliated against him after he filed his workers' compensation claim. Amaya also presented expert testimony in support of his economic damages: lost back pay and benefits, lost front pay and benefits, and future psychological and psychiatric expenses.

Amaya's psychologist, Dr. Vasquez, testified that Amaya suffers from a major depressive disorder and a generalized anxiety disorder. Dr. Vasquez testified that these disorders were caused by the harassment and retaliation Amaya suffered at Caterpillar and that Amaya has not responded to numerous medications. Dr. Vasquez also opined that Amaya cannot presently work due to his psychological damage and that he will need further psychological and psychiatric treatment.

Although Caterpillar's economic expert calculated Amaya's back pay and front pay, he explained that his calculations were based on Amaya being able to physically work and that Amaya's damages would be zero if Amaya was and continues to be unable to physically work. It is undisputed that the "no work" status for Amaya's physical injuries imposed by Dr. Epstein and Dr. Dennis continued through trial, and that Amaya has not been cleared of the "no work" status for his physical injuries by either Dr. Epstein or Dr. Dennis as of the date of trial.

The jury returned a verdict finding that Caterpillar took adverse employment action against Amaya for filing a valid workers' compensation claim and that Caterpillar would not have undertaken the same employment action for reasons apart from Amaya's workers' compensation claim. Based on these factual findings, the jury addressed Amaya's damages and awarded Amaya $79,280 for lost back pay and benefits and $537,847 for future lost wages and benefits, but it awarded no damages for emotional distress and mental anguish or future psychological/psychiatric expenses.

Caterpillar filed several post-trial motions, including a motion for judgment in accordance with its motion for a directed verdict ("JNOV motion") on Amaya's retaliation claim and a motion for setoff. The trial court denied Caterpillar's JNOV motion as to the retaliation claim but granted the motion for setoff by reducing the

4

back pay award by all amounts Amaya received from his workers' compensation carrier. Thereafter, the trial court entered a final judgment in favor of Amaya and against Caterpillar in the amount of $571,883.64. Caterpillar's appeal followed.[1]

Caterpillar contends that, as a matter of law, Amaya is not entitled to an award of back pay or front pay because Amaya was **physically unable** to work at all times immediately prior to and following the alleged retaliatory discharge, and therefore, Amaya's claim that he was psychologically unable to work due to Caterpillar's retaliation could not be the but-for cause of Amaya's past or future lost wages and benefits. Because Amaya was compensated for his on-the-job physical injuries by workers' compensation, Amaya was placed on and continued to be on "no-work" status due to his physical injuries up to and including the time of trial, and the jury denied Amaya's claims for emotional distress and mental anguish and for future psychological/psychiatric expenses, we agree with Caterpillar that Amaya was not entitled to lost back or future pay and benefits.

The purpose of awarding lost wages to a wrongfully discharged employee is to make the employee whole by restoring him to the economic position he would have occupied **but for** the wrongful discharge. Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1561 (11th Cir. 1988); Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 914 (Fla. 4th DCA 2013). Lost wages can include back pay, front

[1] Amaya filed a cross-appeal. However, the issues raised by Amaya do not merit discussion.

5

pay, or both.  Aery, 118 So. 3d at 914.  Back pay includes any amounts the employee would have earned between the wrongful discharge and the date of trial, less any amounts earned between the wrongful discharge and the trial.  Aery, 118 So. 3d at 914.  In contrast, front pay is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." Aery, 118 So. 3d at 914-15 (quoting Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001)); see also O'Neal v. Fla. A & M Univ. ex rel. Bd. of Trs. for Fla. A & M Univ., 989 So. 2d 6, 12 n.3 (Fla. 1st DCA 2008) (noting that when reinstatement of the wrongfully discharged employee is impossible or inadvisable, front pay is awardable in lieu of reinstatement).  **To be entitled to an award of lost wages, the employee must be ready, willing, and able to accept employment**.  See Miller v. Marsh, 766 F.2d 490, 492 (11th Cir. 1985); Bender v. Salvation Army, 830 F. Supp. 1454 (M.D. Fla. 1993).  Thus, when a plaintiff is unable to return to work for an independent reason not caused by the employer, lost past and future wages and benefits may not be awarded.

In addressing whether Amaya is not entitled, as a matter of law, to back pay and front pay based on his "no work" status that was imposed prior to the retaliation and existed throughout trial, Bender is instructive. Ms. Bender was injured while working at a Salvation Army, and she filed a workers' compensation claim within days of her injury.  Bender, 830 F. Supp. at 1456.  Ms. Bender never

6

returned to work due to physical injury, and Salvation Army terminated her. Id. Following her termination, Bender settled her workers' compensation claim. Id.

Bender filed suit against Salvation Army asserting discrimination in violation of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and Florida's Human Rights Act. Id. Salvation Army moved for summary judgment arguing Bender had not established that she had suffered any cognizable damages. Id. The district court granted Salvation Army's motion for summary judgment, finding that Bender was not entitled to back pay because she was unable to work:

> Back pay has been regarded as a presumptive right of individuals who, because of discrimination, have been terminated from employment. Awards of back pay should be limited to proven economic loss.
>
> Because periods of unavailability are excluded from computations of back pay, Plaintiff cannot recoup damages for the period of time that she would have been unable to work due to her injuries. The Plaintiff's injury and disability occurred prior to the alleged discriminatory firing by her employer. On the date that Plaintiff was fired, she was unable to work and as such, is not entitled to back pay, due to her unavailability caused by her injury.

Id. at 1456 (citations omitted).

As in Bender, Amaya's termination occurred after he was placed on "no work" status due to the physical injuries he received while working for Caterpillar, and because of this status, he was unable to return to work. Because Amaya was unable to work when he was discharged, his "no work" status due to his on-the-job

physical injuries continued throughout trial, and the jury rejected Amaya's claims of emotional distress and mental anguish, he cannot, as a matter of law, recover any back pay.

The reasoning in <u>Bender</u> also applies to Amaya's front pay award. As stated earlier, the evidence presented at trial showed that Amaya's "no work" status due his physical injuries continued throughout trial. Further, there was no evidence presented that Amaya's physical injuries will sufficiently improve subsequent to trial to the point where he will be able to return to substantially equivalent employment. Indeed, no doctor had cleared him for physical activity at the time of trial or stated that he will be able to physically work in the future. Therefore, Amaya failed to demonstrate that the retaliation was the "but for" cause of any of his future lost wages.

In summary, the jury's awards of back pay and front pay are not sustainable because Amaya was unable to work due to his **on-the-job physical injuries**, and those damages were compensable through workers' compensation. Had Amaya been cleared for work after being placed on "no work" status due to his physical on-the-job injuries, and the jury had found that Amaya could not work due to a mental or emotional injury based on Caterpillar's retaliation conduct, then we would have affirmed the jury's award for back and future pay and benefits. However, Amaya failed to convince the jury that he was entitled to such damages.

8

Amaya was not cleared for work based on his physical on-the job workers' compensation injuries through the time of trial, and the jury rejected Amaya's claims of emotional distress and mental anguish, specifically finding that Amaya was entitled to zero damages for emotional distress and mental anguish and zero damages for future psychological and/or psychiatric expenses.

Because Amaya was unable to demonstrate that Caterpillar's retaliation was the "but for" cause of either his lost wages before trial or in the future, we are compelled to reverse the final judgment as Amaya is not entitled to an award of back pay or front pay as a matter of law. Based on our disposition of the above issue, we do not address the remaining issues raised by Caterpillar, and we reverse the final judgment taxing costs against Caterpillar.

Reversed and remanded for entry of final judgment in Caterpillar's favor.