WILLIAM P. DIMITROULEAS, United States District Judge
THIS CAUSE is before the Court sua sponte . On November 26, 2018, this action was removed to this Court. On November 30, 2018, the Court issued an Order to Show Cause, requiring Defendant to show that this case was properly removed because the Court had doubts as to the amount in controversy and the diversity of citizenship. See [DE 7]. The Court has considered the Response to the Order to show Cause [DE 8] and is otherwise fully advised in the premises. Upon careful consideration, the Court determines that Defendant has failed to meet its burden regarding the amount in controversy requirement for purposes of removal of this action to federal court. Accordingly, the Court will remand this case to state court.
Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ; Burns v. Windsor Ins. Co. , 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, Cheffer v. Reno , 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation *1336 where a doubt about jurisdiction arises." Smith v. GTE Corp. , 236 F.3d 1292, 1299 (11th Cir. 2001).
Under § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where a plaintiff fails to specify the total amount of damages demanded ... a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." Leonard v. Enter. Rent a Car , 279 F.3d 967, 972 (11th Cir. 2002). Uncertainties are resolved in favor of remand. Petigny v. Wal-Mart Stores E., L.P. , No. 18-23762-CIV, 2018 WL 5983506, at *1 (S.D. Fla. Nov. 14, 2018). (citing Diaz v. Sheppard , 85 F.3d 1502, 1505 (11th Cir. 1996) ).
Plaintiff's Complaint asserts claims against Defendant, her former employer, for unlawful discrimination and retaliation in violation of the Florida Civil Rights Act, Fla. Stat. § 760, et seq. ("FCRA"). See Complaint [DE 1-2]. Plaintiff also includes a claim for Negligent Infliction of Emotional Distress. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of her race and/or national origin. See id. The Complaint merely alleges that the damages in this action exceed $15,000. See id. at ¶ 2. The Complaint contains a paragraph generally alleging a boilerplate list of damages:
Order Defendant to Make Salomon whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.
See [DE 1-2] at p.10. It is not "facially apparent" from the complaint that the amount in controversy exceeds $75,000.00; accordingly, the Court turns to the Notice of Removal. See Williams v. Best Buy Co. , 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").
Here, Defendant's proposed calculation of the amount in controversy relies upon non-economic compensatory damage awards from comparable cases, and an attached affidavit stating that Plaintiff earned $12 per hour at the conclusion of her employment with Defendant. Defendant posits a back pay calculation of $89,440 from Plaintiff's termination through March 2020, the assumed trial date. Defendant also adds a year of front pay, $24,960, lost benefits up until the time of trial $14,333.33, $5,000 to $30,000 in emotional damages, and punitive damages.
For the reasons explained below, Defendant's calculation is insufficient to meet the Defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.
"The Eleventh Circuit has questioned whether general evidence as to the value of claims in other suits 'is ever of much use in establishing the value of claims in any one particular suit.' " Underwood v. Crossings at Riverview, LLC , No. 8:18-CV-1101-T-36AAS, 2018 WL 3868859, at *2 (M.D. Fla. Aug. 15, 2018) (quoting Lowery v. Ala. Power , 483 F.3d 1184, 1221 (11th Cir. 2007) ). That is particularly true in this case where Defendant, the party seeking to establish diversity jurisdiction, fails to provide facts specific to this case to persuade the Court that Defendant's projection of that Plaintiff's non-economic compensatory damages for that "alone could exceed the $75,000.00 jurisdictional threshold" is reasonable. Without specific allegations *1337 or facts to consider regarding this Plaintiff's emotional damages, the court may not speculate as to the amount in controversy. Pretka v. Kolter City Plaza II, Inc. , 608 F.3d 744, 754-55 (11th Cir. 2010). See, e.g. , Love v. N. Tool & Equip. Co. , No. 08-20453-CIV, 2008 WL 2955124, at *5 (S.D. Fla. Aug. 1, 2008) ("Although [plaintiff] may recover some damages for emotional distress, there is no evidence before me to determine that amount. Under these circumstances, I cannot divine some dollar amount as emotional distress damages to aggregate to [plaintiff]'s back pay damages so that [defendant] can meet the jurisdictional threshold for federal diversity jurisdiction.").
With regard to back pay, upon a review of the split amongst the district courts in Florida regarding whether to calculate back pay through "the date of trial" rather than the date of removal, see Burrows v. State Farm Mut. Auto. Ins. Co. , No. 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *2 (M.D. Fla. Aug. 3, 2017) (citing cases), this Court finds the more reasoned approach is to calculate back pay through the date of removal. See, e.g., Avery v. Wawa, Inc. , No. 8:18-CV-403-T-33TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018) ("But, this Court has repeatedly held that " 'the amount in controversy is determined at the time of removal and thus does not include post removal back pay.' ") (citations omitted). Plaintiff was terminated September 2016. See [DE 1-2] at ¶ 33. The case was removed on November 26, 2018. Therefore, the amount of back pay at the time of removal is approximately $49,920.[1] However, crucially, this number may be significantly reduced or non-existent at all based upon the facts regarding Plaintiff's employment since the termination. Back pay calculations require a deduction of any amounts Plaintiff earned since a wrongful discharge. See Caterpillar Logistics Servs., Inc. v. Amaya , 201 So.3d 173, 176 (Fla. 3rd DCA 2016). Here, Defendant has not introduced any evidence regarding whether Plaintiff has been employed since September 2016 conclusion of employment with Defendant, and, if so, at what salary or hourly rate, which would be material to the Court to determine whether back pay can even properly be considered in this case in determining the amount in controversy. See Lupinacci v. American Express Co. , 17-cv-622387-UU (Nov. 30, 2017). (Sua sponte remanding FCRA case where "the only record evidence cited by Defendant is Plaintiff's $50,348 per year salary" at the time of termination of employment, which was over three years prior to the removal date, despite defendant's argument that plaintiff could claim over three years of back pay).
Next, regarding front pay, Defendant "fails to provide specific allegations or facts to support its contention that [two years] of front pay is in controversy, since Plaintiff's claim is unspecified." Burrows v. State Farm Mut. Auto. Ins. Co. , No. 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *3 (M.D. Fla. Aug. 3, 2017). "Prior court rulings in unrelated cases are not persuasive." Id. "Speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." Avery , 2018 WL 1008443, at *3. Moreover, again, as with the back pay analysis, the Court has no facts before it in the record supporting whether front pay is even appropriate here, as "[t]he same mitigation of damages *1338 analysis applies to back pay and front pay awards." Richardson v. Tricom Pictures & Prods., Inc. , 334 F.Supp.2d 1303, 1318 (S.D. Fla. 2004), aff'd , 183 F. App'x 872 (11th Cir. 2006).
Finally, with regard to attorneys' fees, the Court assumes that the short complaint filed in state court prior to removal did not take more than a few hours to draft, file, and serve. See [DE 1-2]. The Court finds that the FCRA's prevailing party attorney's fee and cost provision insufficient to bolster a claim that otherwise lies short of the jurisdictional threshold for removal to federal court. See, e.g. , Avery , 2018 WL 1008443, at *4 (sua sponte remanding FCRA claims where "[defendant] has not provided any information regarding the amount of attorney's fees accrued at the time of removal, and there is no basis to find that such fees reach an amount that could satisfy the jurisdictional minimum, even when considered in conjunction with [plaintiff]'s claims for back pay.).
Based upon the foregoing, the Court concludes that Defendant has failed to meet its burden to establish the jurisdictional amount in controversy of $75,000.00. The record evidence that Plaintiff's salary was approximately $24,960 per year at the conclusion of her employment with Defendant, supplemented by argument and speculation, is simply insufficient to establish an amount in controversy exceeding $75,000. See Lupinacci v. American Express Co. , 17-cv-622387-UU (Nov. 30, 2017). When the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).
In addition, there is a non-diverse Defendant in this case. The Court need not address Defendant's arguments of fraudulent joinder because the Court is satisfied that the amount in controversy, a prerequisite to jurisdiction, is not met.
Accordingly, it is ORDERED AND ADJUDGED that the Clerk is directed to REMAND this case to state court, CLOSE this case, and DENY all pending motions as moot.
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of December, 2018.

Moreover, if the Court were to calculate back pay to a later date than the date of removal, it is more appropriate to choose a date most likely to represent the disposition date of the case. In the Southern District of Florida in 2018, the median time from filing to disposition of a civil case was approximately 3.9 months.