**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**PEPPERTREE APARTMENTS,
City Court II Apartments,
et al., Defendants,**

**George Bailes, Jr., Defendant–Appellant.**

**No. 89–7850.**

United States Court of Appeals,
Eleventh Circuit.

May 19, 1992.

Roy M. West, Ralph J. Bolen, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Linda S. Trippe, Birmingham, Ala., Geoffrey L. Patton, U.S. Dept. of Housing and Urban Development, Office of the Gen. Counsel, Washington, D.C., for plaintiff-appellee.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BIRCH, Circuit Judge, DYER, Senior Circuit Judge and MOYE *, Senior District Judge.

ORDER:

The United States brought the instant action against the owner (and other privy parties) of low income housing projects built with the proceeds of loans insured by the Department of Housing and Urban Development ("HUD"). In a proceeding before HUD's Board of Contract Appeals, an administrative law judge found that the owner had made expenditures in violation of regulatory agreements entered into in consideration for the mortgage insurance provided by HUD. Following that administrative proceeding, the United States filed suit in district court seeking to recover double damages, *i.e.*, twice the value of the misused assets. This court affirmed the district court's order applying collateral estoppel to the administrative law judge's findings, granting the motion of the United States for summary judgment, and awarding damages equal to double the amount of improperly disbursed funds pursuant to a retroactive application of 12 U.S.C. § 1715z–4a(c) (1988). *United States v. Peppertree Apartments*, 942 F.2d 1555 (11th Cir.1991).

The owner petitioned the United States Supreme Court for a writ of certiorari, seeking review of our determination that the amendments to the penalty provisions of the National Housing Act, *see* 12 U.S.C. § 1715z–4a(c), applied retroactively. Sub-sequently, the Solicitor General filed the United States' brief in the Supreme Court, informing the Court that the government had determined not to pursue its claim for relief for double damages under the amended statute; instead, the United States planned to seek ordinary compensatory damages under a contract theory. The government thereby mooted any review of this court's determination on the retroactive application issue. Noting the Solicitor General's suggestion that it thus dispose of the petition, the Supreme Court granted the petition for a writ of certiorari, vacated our judgment and remanded the case with instructions in an order dated April 27, 1992. *Bailes v. United States*, — U.S. ——, 112 S.Ct. 1755, 118 L.Ed.2d 419 (1992).

Pursuant to that mandate, we REMAND this case to the United States District Court for the Northern District of Alabama with instructions to vacate with prejudice that aspect of the district court's award that represents the "doubling" of damages, and for further appropriate proceedings.