Janet CURTIS, Plaintiff–Appellee,

v.

METRO AMBULANCE SERVICE, INC., Defendant–Appellant.

No. 92–8447.

United States Court of Appeals, Eleventh Circuit.

Feb. 1, 1993.

this matter pursuant to 28 U.S.C. § 46(c).

Clifford H. Nelson, Jr., James Larry Stine, Wimberly & Lawson, Atlanta, GA, for defendant-appellant.

Debra E. Schwartz, Stanford, Fagan & Giolito, Atlanta, GA, for plaintiff-appellee.

Michael Selmi, Sharon R. Vinick, Washington, DC, for Amicus—Lawyers' Committee for Civil Rights.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

Janet Curtis, a former employee of Metro Ambulance Service ("Metro") filed suit against Metro for allegedly retaliating against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and for intentional infliction of emotional distress in violation of Georgia state law. In her initial complaint she sought reinstatement and back pay as well as attorneys' fees and costs under Title VII. She also sought compensatory and punitive damages under state law and a jury trial of her state claim. The federal and state claims were severed for purposes of trial.

The Civil Rights Act of 1991, Pub.L.No. 102–166, 105 Stat. 1071 ("the Act"), provides that Title VII plaintiffs may recover compensatory and punitive damages in addition to reinstatement and back pay. It also provides that Title VII plaintiffs requesting compensatory and punitive damages may seek a jury trial. The effective date of the Act is November 21, 1991. By that date in this case discovery had closed and a joint pretrial order had been filed, but no judgment had been entered. Curtis promptly filed a motion to amend the Title VII portion of her complaint in order to add a demand for a jury trial and a request for compensatory and punitive damages. The district court granted Curtis leave to amend and under 28 U.S.C. § 1292(b) certified for interlocutory appeal the issue of whether the Act should be applied retroactively to pending cases. We entered an order permitting the interlocutory appeal.

This case squarely presents the issue of whether provisions of the Civil Rights Act of 1991 are retroactively applicable to a case which arose before the effective date of the Act but which had not resulted in final judgment as of that effective date. In *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992), another panel of this Court held that the compensatory and punitive damages and jury trial provisions of the Act were not retroactively applicable to cases in which a judgment had been entered before the Act's effective date. The holding of *Baynes* was explicitly limited to cases in which judgment had been entered before that effective date. *Id.* at 1372 n. 1 ("We address no other kinds of cases, but neither do we imply that the Act would apply retroactively in other circumstances."). Nonetheless, we are persuaded that the reasoning of *Baynes,* which we are bound to follow, compels the conclusion that the same provisions of the Act involved in *Baynes* are not retroactively applicable to cases, such as this one,

**474**

which were pending but had not resulted in final judgment as of the effective date of the Act. For that reason, we are compelled to reverse the district court's decision.

We note that the members of this panel are of the opinion that the issue of statutory retroactivity in general, and retroactivity questions involving the Civil Rights Act of 1991 in particular, are of exceptional importance warranting en banc review. Unless and until such review is granted, this case is controlled by the *Baynes* decision, and the damages and jury trial provisions of the Act are inapplicable to it.

REVERSED.