Teresa G. SUSSMAN, f/k/a Teresa
M. Gaffney, Plaintiff,

v.

SALEM, SAXON AND NIELSEN,
P.A., et al., Defendants.

No. 91–776–Civ–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

July 20, 1993.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, Neil Harvey Chonin, Chonin & Sher, P.A., Coral Gables, FL, for plaintiff.

Thomas M. Gonzalez, Mark A. Hanley, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## ORDER ON MOTIONS TO AMEND

KOVACHEVICH, District Judge.

This case is before the Court on Plaintiff's Motion to Amend Order Denying Motion for Stay of Court's March 8, 1993 Order on Motion for Reconsideration of Court's Order on Motions (Docket No. 128); and on Motion to Amend Court's Order (Docket No. 128). In citing Rule 5(a), Federal Rules of Appellate Procedure, Plaintiff's motion (Docket No. 130) requests this Court to amend its March 31, 1993 Order to include a statement required by 28 U.S.C. § 1292(b) for an interlocutory appeal.

## STATEMENT OF FACTS

Plaintiff alleges that certain actions of Defendants subjected Plaintiff to a hostile working environment and discrimination on account of her pregnancy, steadily increasing in intensity and culminating in her discharge. Plaintiff further alleges that the conduct of Defendants was done with malice or with reckless indifference to her federally protected rights. Plaintiff also alleges that as a result of Defendants' discriminatory actions and termination, she suffered the loss of salary and fringe benefits.

## RELEVANT PROCEDURAL HISTORY

This Court, previously, by order of May 29, 1992, denied Defendant's Motion to Strike Plaintiff's Request for Punitive Damages and Jury Trial filed on July 15, 1991 (Docket No. 3) and granted Plaintiff's Motion to Amend Complaint (Docket No. 19). Defendants then moved to amend the Court's order to add language for an immediate appeal of the non-final order. Defendants based the motion upon the intra-district and intra-circuit conflict on the question of retroactivity of the Civil Rights Act of 1991 ("the Act"). (Docket No. 53). Citing *Baynes v. AT & T Technologies, Inc.*, 976 F.2d 1370 (11th Cir.1992), Defendants also filed a Motion for Reconsideration of the order granting Plaintiff's Motion

**1418**

to Amend Complaint, to include the Civil Rights Act of 1991 (Docket No. 80).

In *Baynes*, the circuit court held the Civil Rights Act of 1991 creating right to jury trial and damages remedies did not apply retroactively in cases where judgments were entered before the Act's effective date of November 21, 1991. Later, in *Curtis v. Metro Ambulance Serv., Inc.*, 982 F.2d 472 (11th Cir.1993), the court specifically noted that the Act's provisions were not considered retroactive in cases where the effective date preceded rendition of the district court's judgment in actions which arose before November 1, 1991. In agreement with *Curtis* this Court, by order of March 8, 1993, denied the Motion to Amend Order on Motions as moot, granted the Motion for Reconsideration, and amended the order of May 29, 1992 so that portions of the Plaintiff's Amended Complaint and Demand for Jury Trial, filed June 8, 1992, (Docket No. 47) that seek compensatory and punitive damages and a jury trial be stricken. The Court's order recognized that under *Curtis* the question of retroactivity warrants en banc review, but until that time the provisions of the Civil Rights Act are applicable to actions arising after November 21, 1991. On March 31, 1993, this Court denied Plaintiff's Motion for Stay of Court's March 8, 1993 Order (Docket No. 128). Plaintiff filed, on April 12, 1993, a Motion to Amend Order Denying Motion for Stay of Court's March 8, 1993 Order (Docket No. 130) seeking appropriate language for an interlocutory appeal of the denial of the stay under Rule 5(a), Federal Rules of Appellate Procedure, and 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b), a district court may allow application for interlocutory appeal with the court of appeals if the order involves a controlling question of law as to which there is: 1) substantial ground for difference of opinion and 2) an immediate appeal may materially advance the ultimate termination of the litigation. In light of the procedural history, this Court considers Plaintiff's motion.

*ANALYSIS*

Section 1292(b) of 28 U.S.C. is designed to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3d Cir.1958). In assessing whether to certify an order for interlocutory appeal, the court should determine the probability that its decision, of which appeal is sought, is in error as well as the extent to which additional time and expense may be saved by the appeal. *Kennard v. United Parcel Service, Inc.*, 531 F.Supp. 1139 (E.D.Mich.1982).

As this Court noted in its March 9, 1993 order, the *Curtis* decision is unambiguous. *Sussman v. Salem, Saxon, Nielsen, P.A.*, 815 F.Supp. 1447 (M.D.Fla.1993). With regard to compensatory and punitive damages and a request for jury trial, the Act will be applied prospectively whether or not a judgment by the district court had been rendered before the effective date. *Curtis* relied upon the *Baynes'* reasoning and ultimate decision which was consistent with other circuits that had addressed the issue of retroactivity of the Civil Rights Act of 1991.[1] Plaintiffs have not drawn the Court's attention to any divergent authorities. The Court also finds that there is little potential that allowing piecemeal appeals will materially advance termination of the litigation. Rather, it would add a substantial amount of time to an already extended litigation process and would ultimately prolong a resolution. Until an en banc review of *Curtis* occurs, this Court considers the provisions added by the Civil Rights Act of 1991, unless the Act specifically indicates to the contrary, as applicable only to actions arising after the effective date of the Act. Accordingly, it is

**ORDERED,** that Plaintiff's Motion to Amend Order Denying Motion for Stay of Court's March 8, 1993 Order on Motion for Reconsideration of Court's Order on Mo-

---

1. See *Gersman v. Group Health Association, Inc.*, 975 F.2d 886 (D.C.Cir.1992); *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363 (5th Cir.1992); *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225 (7th Cir.1992); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992); *Mozee v. American Commercial Marine Service Co.*, 963 F.2d 929 (7th Cir.1992); *Vogel v. City of Cincinnati*, 959 F.2d 594 (6th Cir.1992).

tions; and on Motion to Amend Court's Order be **denied**.

**DONE AND ORDERED.**