William E. **BROWNING**, Raymond L. Gravatt, David V. Hanna, John E. Luedecke, Jerry L. Williams, and Thomas PL. Yusko, **Plaintiffs**,

v.

**AT & T PARADYNE CORPORATION, Defendant.**

**No. 92–1401–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 19, 1993.

Ronald W. Fraley, Fraley & Fraley, Tampa, FL, Frederick A. Stuart, Marguerite H. Taylor, Stuart & Irvin, Atlanta, GA, for plaintiffs.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court upon a motion for summary judgment filed by Defendant, AT & T Paradyne (Docket No. 20), filed August 2, 1993. Plaintiff, David V. Hanna, filed a response in opposition to Defendant's motion for summary judgment on October 4, 1993 (Docket No. 27).

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), charging Defendant with discrimination in employment on the basis of age.

## I. BACKGROUND

Plaintiff Hanna was hired by Defendant AT & T Paradyne in May 1978, as a sales representative in its Cleveland, Ohio office. Plaintiff Hanna maintained a good working relationship with Defendant AT & T Paradyne until 1990. In May of 1990, Plaintiff Hanna began reporting to a new district manager, John Bazzone. It was after this managerial change that Plaintiff Hanna's relationship with Defendant AT & T Paradyne began to deteriorate.

Plaintiff Hanna has alleged that the following occurrences caused the deterioration in his relationship with AT & T Paradyne. First, Plaintiff Hanna alleges that Bazzone issued an unwarranted negative performance evaluation to him. Next, Plaintiff Hanna alleges that Bazzone assigned certain of Plaintiff Hanna's accounts to younger, less experienced salespersons and that Bazzone gave these younger salespersons preferential treatment. Last, Plaintiff Hanna alleges that Bazzone made him prepare his expense reports in a detailed manner which was not required of similarly situated younger salespersons and demanded that Plaintiff Hanna submit weekly activity planning reports which were not required of any of the younger salespersons.

### A. Plaintiff Hanna's Case

Plaintiff Hanna considered these alleged actions as intentional age discrimination and contacted the EEOC on October 21, 1991. At that time, Plaintiff Hanna prepared and signed an EEOC Intake Questionnaire and an affidavit supporting his allegations that his supervisor, Bazzone, was discriminating against him because of his age, 63. Plaintiff Hanna detailed the alleged discriminatory acts in the affidavit and stated that he believed the Bazzone's actions were an endeavor to make Plaintiff Hanna quit or retire.

On or about November 5, 1991, Plaintiff Hanna filed two age based charges of discrimination with the EEOC without the assistance of legal counsel. He also submitted two more affidavits which described in detail Bazzone's alleged discriminatory conduct and stated Plaintiff Hanna's belief that the motive behind the conduct was to make him quit or retire.

On December 11, 1991, while both EEOC charges were still pending, Plaintiff Hanna was notified by Defendant AT & T Paradyne that because of a Reduction In Force program that had been implemented, he was going to be terminated. Plaintiff Hanna attributes his termination directly to the ineffective job review that he received from Bazzone. Plaintiff Hanna's employment was extended to September 1, 1992 in order to preserve certain retirement benefits, but during this interim time period, Plaintiff Hanna was placed in a staff position and relieved of most of his sales responsibilities.

After being notified of his termination, Plaintiff Hanna did not amend either of his pending discrimination charges nor did he file an additional charge to encompass the termination. However, he did notify the EEOC of his termination by a letter dated March 9, 1992.

The EEOC investigated Plaintiff Hanna's claims of age discrimination until June 8, 1992, when they were notified by Plaintiff Hanna that he had chosen to terminate the investigation. The EEOC sent Plaintiff Hanna an acknowledgment that the investigation had been terminated. On September 30, 1992, Plaintiff Hanna joined the other Plaintiffs in this case and filed a complaint alleging age discrimination against Defendant AT & T Paradyne.

### B. *Defendant AT & T Paradyne's Case*

Defendant AT & T Paradyne has moved for Summary Judgment because of several reasons. First, Defendant AT & T Paradyne alleges that it was improper when Plaintiff Hanna alleged facts or causes of action in his complaint which were not alleged in the EEOC Charge. Specifically, Defendant AT & T Paradyne asserts that Plaintiff Hanna never alleged that he was unlawfully discharged in a discrimination charge with either the EEOC or any other FEP agency, thereby failing to allege the conduct which forms the basis of his lawsuit.

· Defendant AT & T Paradyne acknowledges that if the grounds for Plaintiff Hanna's suit could have been expected to grow out of the underlying EEOC charge, then the suit should not be dismissed. However, Defendant AT & T Paradyne alleges that Plaintiff Hanna's discharge claims could not have been expected to grow from an investigation of the discrimination charges. Furthermore, Defendant AT & T Paradyne claims that the EEOC investigation is limited to that which is discovered while the investigation is still pending, and before the charge is withdrawn. Therefore, Defendant AT & T Paradyne alleges that since Plaintiff Hanna had terminated the EEOC investigation nearly three months before the effective date of this termination that the EEOC could not have investigated Plaintiff Hanna's claims of unlawful discharge.

In addition to allegedly failing to state the necessary conduct for Plaintiff Hanna's lawsuit, Defendant AT & T Paradyne also asserts that Plaintiff Hanna's claims are untimely. Defendant AT & T Paradyne alleges that Plaintiff Hanna did not file his claim within the 90 day time limit set by The Civil Rights Acts of 1991. As a result, Defendant AT & T Paradyne claims that Plaintiff Hanna is time barred from bringing this action.

## II. ANALYSIS

### A. *Standards for Summary Judgment*

Defendant AT & T Paradyne's Motion for Summary Judgment is brought pursuant to Rule 56(c), Fed.R.Civ.P., which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.

Summary Judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude Summary Judgment.

The Supreme Court of the United States held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at [322, 106 S.Ct. at 2552, 91 L.Ed.2d at] 273.

The Court further said, "Rule 56(c) therefore requires the nonmoving party to go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interroga-

tories, and admissions on file, designate specific facts showing there is genuine issue for trial.'" *Celotex Corp.*, at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### B. *Issue Of Whether Plaintiff Hanna's Claim Is Within The Scope Of His EEOC Charges*

■ Judicial relief may be sought for incidents not listed in an original charge to the EEOC if the incidents are like or reasonably related to the allegations of the EEOC charge. *Brazer v. St. Regis Paper Co.*, 498 F.Supp. 1092, 1097 (M.D.Fla.1980). This premise also refers to new acts occurring during the pendency of the charge before the EEOC. *Id.* at 1097. The issue of whether the new acts are like or reasonably related to the allegations of the EEOC charge is a factual matter. *Id.*

■ The Eleventh Circuit relies on two criteria in its determination of whether discrimination claims in a judicial complaint, which were not previously alleged in an EEOC charge, are to be considered "within the scope" of the EEOC charge. The first criteria is whether the subsequent acts are "like or reasonably related to" the allegations contained in the EEOC charge. *Turner v. Orr*, 804 F.2d 1223, 1226. The second criteria is whether the subsequent acts "could reasonably be expected to grow out of" the investigation of the pending EEOC charges. *Id.; Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir.1988); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970).

■ This Court finds that Plaintiff Hanna's claim of unlawful discharge is reasonably related to the incidents described in the EEOC charges, and could reasonably be expected to grow out of the investigation of the pending EEOC charges. The fact that Plaintiff Hanna stated in his affidavit, which was connected with the EEOC questionnaire, that he felt that Bazzone's alleged discriminatory behavior was an attempt to make him quit or retire is undoubtedly like or reasonably related to a claim for unlawful discharge. Plaintiff Hanna's consensus of the situation was that Bazzone was attempting to remove him from his employment which is related to being discharged from employment.

Along this same reasoning, Plaintiff Hanna's alleged unlawful discharge from his employment can very reasonably be expected to grow out of a charge of discrimination. This is especially so since Plaintiff Hanna viewed the alleged discriminatory acts as a ploy to remove him from his employment, and since the termination from his employment was predicated on the very behavior that Plaintiff Hanna complained of. Plaintiff Hanna, in an indirect manner, predicted the eventual termination of his employment with Defendant AT & T Paradyne. The termination can be considered the natural end result of the alleged discriminatory behavior that Plaintiff Hanna complained of, ie., the termination grew out of the discriminatory behavior. As for Defendant AT & T Paradyne's claim that Defendant Hanna terminated the EEOC investigation before the effective date of his termination, this Court views the date upon which Plaintiff Hanna was notified that he was going to be terminated just as effective as the actual date of Plaintiff Hanna's last day at work. Upon this rationale, the EEOC was notified of Plaintiff Hanna's termination while the investigation was still pending. Because this Court finds that Plaintiff Hanna's claim of unlawful discharge is reasonably related to and grows out of the allegations of the EEOC charge, Plaintiff Hanna's failure to exhaust his administrative remedies under Title VII regarding his termination does not bar his unlawful discharge claim. *Witherspoon v. Roadway Exp., Inc.*, 782 F.Supp. 567 (D.Kan.1992).

### C. *Issue Of Whether Plaintiff Hanna's Claims Are Untimely*

■ The Civil Rights Act of 1991, which was signed into law on November 21, 1991, provided an amendment to the ADEA which states that a plaintiff must file a complaint in court within ninety days of receipt of the Notice of Right to Sue. Prior to November 21, 1991, suits had to be filed within two years of the complained of discriminatory conduct or within three years if intentional discrimination is claimed. Age Discrimination in Employment Act of 1967, § 7(e)(1) as amended 29 U.S.C.A. § 626(e)(1).

Plaintiff Hanna's charges of discrimination allege that Defendant AT & T Paradyne engaged in discriminatory behavior against Plaintiff Hanna between the dates of May 1990, through October 18, 1991. This alleged discriminatory behavior occurred before the 1991 amendment which shortened the time in which Plaintiff Hanna must file. In fact, because Plaintiff Hanna alleges that the discrimination is intentional, he has three years from the time of the complained of conduct to file his suit. Therefore, Plaintiff Hanna had until May 1993 to file his claim. Furthermore, the 1991 amendment to the ADEA does not apply retroactively to conduct arising before the effective date of the new act. *Kennedy v. Sears Roebuck & Co.,* 61 FEP Cases 1572, 1993 WL 276911 (M.D.Fla.1993). Plaintiff Hanna filed his complaint on September 30, 1992, and, therefore, his claims are timely.

## III. CONCLUSION

This Court finds that Plaintiff Hanna's claims are within the scope of the EEOC charges and that Plaintiff Hanna's claims are timely. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 20) be DENIED.

DONE AND ORDERED.