William E. **BROWNING,** Raymond L. Gravatt, David V. Hanna, John E. Luedecke, Jerry L. Williams, and Thomas Pl. Yusko, Plaintiffs,

v.

**AT & T PARADYNE CORPORATION,** Defendant.

No. 92–1401–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Feb. 17, 1994.

Ronald W. Fraley, Fraley & Fraley, Tampa, FL, Frederick A. Stuart, Marguerite H. Taylor, Stuart & Irvin, Atlanta, GA, for plaintiffs.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, for defendant.

### *ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT BASED UPON STATUTE OF LIMITATIONS AND MOTION TO STRIKE THE AFFIDAVIT OF MARGUERITE H. TAYLOR*

KOVACHEVICH, District Judge.

This cause is before the Court upon a motion for reconsideration of denial of summary judgment based upon the statute of limitations filed by Defendant, AT & T Paradyne (Docket No. 39), on December 6, 1993 and a motion to strike the affidavit of Marguerite H. Taylor (Docket No. 44). Plaintiff, David V. Hanna, filed a response in opposition to Defendant's motion for summary judgment on December 28, 1993 (Docket No. 42).

### I. BACKGROUND

Plaintiff Hanna originally brought action against Defendant under the Age Discrimina-

tion in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* Plaintiff Hanna charged Defendant with employment discrimination based upon age. A motion for summary judgment (Docket No. 20) was filed by Defendant on August 2, 1993. Plaintiff Hanna filed a response (Docket No. 27) in opposition to Defendant's motion for summary judgment on October 4, 1993. On November 19, 1993 this Court denied Defendant's motion for summary judgment (Docket No. 34), 838 F.Supp. 1568. A motion for reconsideration of denial of summary judgment based upon statute of limitations (Docket No. 39) was filed by Defendant on December 6, 1993. Plaintiff Hanna then filed a response to Defendant's motion for reconsideration (Docket No. 42) on December 28, 1993. Defendant also filed a motion on December 30, 1993 to strike the affidavit of Marguerite H. Taylor presented by Plaintiff Hanna as part of their response (Docket No. 44).

### A. *Defendant AT & T Paradyne's Case*

Defendant argues that the Court erred by not granting their motion for summary judgment because the Court failed to apply the Civil Rights Act of 1991 ("Act") retroactively. In support of this proposition, Defendant cites several cases which hold that the provisions of the Act should be given a retroactive application. However, the cases cited by Defendant are either without merit or merely persuasive.

### B. *Plaintiff Hanna's Case*

Plaintiff Hanna argues that the Court correctly denied Defendant's motion for summary judgment because Plaintiff Hanna's claims are not barred by the limitations period provided by the Civil Rights Act of 1991. Plaintiff Hanna asserts that after diligent research, no binding authority was found regarding whether the Act should be applied retroactively or prospectively. Therefore, the cases cited by Plaintiff Hanna support the proposition that the ADEA is a remedial and humanitarian statute that requires liberal interpretation to achieve the intent of Congress, which was ending age discrimination in employment.

## II. ANALYSIS

Defendant filed a motion for reconsideration of denial of summary judgment based upon the statute of limitations against Plaintiff Hanna. The Court denied Defendant's original motion for summary judgment on November 19, 1993, which included an assertion that Plaintiff Hanna's claims were untimely. In its denial, the Court stated:

> The Civil Rights Act of 1991, which was signed into law on November 21, 1991, provided an amendment to the ADEA which states that a plaintiff must file a complaint in court within ninety days of receipt of the Notice of Right to Sue. Prior to November 21, 1991, suits had to be filed within two years of the complained of discriminatory conduct or within three years if intentional discrimination is claimed. Age Discrimination in Employment Act of 1967, § 7(e)(1) as amended 29 U.S.C.A. § 626(e)(1).
>
> Plaintiff Hanna's charge of discrimination alleges that Defendant AT & T Paradyne engaged in discriminatory behavior against Plaintiff Hanna between the dates of May 1990, through October 18, 1991. This alleged discriminatory behavior occurred before the 1991 amendment which shortened the time in which Plaintiff Hanna must file. In fact, because Plaintiff Hanna alleges that the discrimination is intentional, he has three years from the time of the complained of conduct to file his suit. Therefore, Plaintiff Hanna had until May 1993 to file his claim. Furthermore, the 1991 amendment to the ADEA does not apply retroactively to conduct arising before the effective date of the new act. *Kennedy v. Sears Roebuck & Co.*, 61 FEP Cases 1572 [1993 WL 276911] (M.D.Fla.1993). Plaintiff Hanna filed his complaint on September 30, 1992, and, therefore, his claims are timely.

The question of retroactivity regarding the Civil Rights Act of 1991 has been one of inconsistency and tension between different jurisdictions. When retroactivity of the Act is discussed, it is usually in reference to punitive and compensatory damages and rights to a jury trial. However, the provi-

sions of the Act in general have been discussed along with their retroactivity.

In the past, this Court originally held that retroactivity should apply. The main case that supports this interpretation of the Act is *Bradley v. School Board of Richmond,* 416 U.S. 696, 711–14, 94 S.Ct. 2006, 2016–17, 40 L.Ed.2d 476 (1974). In *Bradley,* the Supreme Court held that courts were to apply the law in effect at the time they issue their decision unless doing so would result in manifest injustice or unless there is a statutory direction of legislative history to the contrary.

However, the Supreme Court in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), directly contradicted its earlier *Bradley* decision. In *Bowen,* the Supreme Court stated that retroactivity is not favored by the law. The Supreme Court further asserted that congressional enactments and administrative rules would not be given retroactive effect unless their language specifically required retroactivity.

In *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992), the Eleventh Circuit Court of Appeals held that the provisions of the Act, particularly those authorizing a right to jury trial, should not be applied retroactively to cases in which a judgment has been entered prior to the Act becoming effective. The appellate court specifically avoided deciding the issue of retroactivity as applied to undecided cases pending prior to the Act's effective date.

However, in *Curtis v. Metro Ambulance Serv., Inc.,* 982 F.2d 472 (11th Cir.1993), the Eleventh Circuit held that the provisions of the Act should not be applied to undecided cases that arose prior to the Act's effective date, i.e., to pending cases. The *Curtis* court also stated that the question of retroactivity of the Act warrants an en banc review.

This Court in *Sussman v. Salem, Saxon and Nielsen,* 792 F.Supp. 1278 at 1279 (M.D.Fla.1992), followed the *Bradley* decision, which held that the law in effect at the time a court renders its decision is to be applied. However, in *Sussman,* 815 F.Supp. 1447 (M.D.Fla.1993), this Court reconsidered the question of retroactivity after the *Baynes* decision. On reconsideration, this Court in *Sussman* concluded that until an en banc review of *Curtis* occurred, this Court would consider the provisions added by the Civil Rights Act of 1991 as applicable only to actions arising after the effective date of the Act, unless the Act specifically indicates otherwise. *Sussman,* 815 F.Supp. at 1447; *Sussman v. Salem, Saxon and Nielsen,* 826 F.Supp. 1416, 1418 (M.D.Fla.1993). Therefore, unless the Act specifically indicates that its provisions should be applied retroactively, the Act will only be applied to those actions arising after November 1, 1991.

In *Kennedy v. Sears, Roebuck & Co.,* 61 FEP at 1572 (M.D.Fla.1993), the court stated that "[T]he Eleventh Circuit has determined that the Civil Rights Act of 1991 does not apply retroactively." The *Kennedy* court therefore affirms the decision in *Sussman* that the provisions of the Act will not be applied retroactively to cases in the Middle District of Florida.

In *Desai v. Siemens Medical Systems, Inc.,* 792 F.Supp. 1275, 1277 (M.D.Fla.1992), this Court held that it was bound by precedent to follow the *Bradley* analysis. However, *Desai* was decided after *Bradley* and before *Baynes,* thereby resulting in a decision based solely upon the *Bradley* interpretation. *See also, Assily v. Tampa General Hospital,* 791 F.Supp. 862 (M.D.Fla.1992) (which was also decided before the *Baynes* decision was issued). While the *Desai* decision has not been overturned, in a later decision issued on reconsideration after both the *Bradley* and *Baynes* cases, this Court in *Sussman* addressed the question of retroactive application of the Act. In *Sussman,* this Court stated that unless the Act specifically states that retroactivity is to be applied, and until an en banc review of *Curtis* is held, the provisions of the Act are to be applied only to actions arising after the effective date of the Act, November 21, 1992. *Sussman,* 815 F.Supp. at 1448, 826 F.Supp. at 1418. Therefore, following the Court's most recent and updated decisions, retroactivity should not be applied to the provisions of the Act limiting the time to bring suit to 90 days because the Act does not specifically require

such retroactivity and an en banc review of *Curtis* has not yet occurred.

## III. CONCLUSION

This Court finds that the motion for reconsideration does not raise any new issues but seeks to relitigate that which has already been considered by the Court and found without merit and therefore the Court does not have to reach a decision on the motion to strike the affidavit of Marguerite H. Taylor. Accordingly, it is

**ORDERED** that Defendant's Motion for Reconsideration of Denial of Summary Judgment Based Upon Statute of Limitations (Docket No. 39) be **DENIED**. The Motion to Strike is **DENIED** as moot.

**DONE AND ORDERED.**