Rosalinda FABREGAS, Plaintiff,

v.

I.T.T. INTERMEDIA, INC.,
et al., Defendants.

Civil No. 95–1862 (DRD).

United States District Court,
D. Puerto Rico.

Feb. 5, 1997.

Nicolas Delgado–Figueroa, Puerto Nuevo, PR, Jane A. Becker–Whitaker, Troncoso & Becker, San Juan, PR, for Rosalinda Fabregas.

Mari C. Bosch–Alomar, Radames A. Torruella-del-Valle, McConnell Valdes, San Juan, PR, for Intermedia, Inc.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court are Defendant, I.T.T. Intermedia, Inc., Supplementary Motion for Summary Judgment (Docket No. 23) and Plaintiff's opposition thereto (Docket No. 24).

The issue is whether Plaintiff's ADEA and Act 100 claims arising from Plaintiff's termination on July 1991 are time barred. Defendant contends that the applicable statute of limitations is the two year statute of limitations that was applicable to civil actions filed under ADEA prior to the enactment of the Civil Rights Act of 1991. In the alternative, Defendant contends that the claims are time barred because Plaintiff failed to file her claim within the 90 day period established by

the Civil Rights Act of 1991. Plaintiff counters that the applicable statute of limitations is the 90 day period established by the Civil Rights Act of 1991 and hence the claim is timely filed. For the reasons stated below the Court Denies Defendant's Supplementary Motion for Summary Judgment.

## I. STANDARD FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c), provides that it is appropriate to enter summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." The First Circuit has determined that summary judgment is appropriate even when "[there is a] mere existence of some alleged factual dispute between the parties [which would not] defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Mulero–Rodríguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990)). Furthermore,

> [once] the summary judgment is made and supported as provided by this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. [Furthermore,] [i]f the adverse party does not respond, summary judgment, if appropriate shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). "An issue is genuine if it 'must be decided at trial because the evidence, viewed in the light most flattering to the non movant, would permit a rational fact finder to resolve the issue in favor of either party'." *Mulero–Rodriguez*, 98 F.3d at 673 (citing *Medina–Muñoz*, 896 F.2d at 8 (1st Cir.1990)). *See also Wyner v. North American Specialty Insurance Co.*, 78 F.3d 752, 754 (1st Cir.1996).

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed. R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). No credibility assessment may be resolved in favor of the party seeking summary judgment. *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995); *Velez–Gomez v. SMA Life Assurance Company*, 8 F.3d 873, 877 (1st Cir.1993)

## II. Facts

The Court sets forth the facts not in controversy in the light most favorable to the nonmoving party. *LeBlanc v. Great American Insurance Company*, 6 F.3d 836, 841 (1st Cir.1993). The following facts are taken from Defendant's Motion and Plaintiff's opposition thereto:

1. On July 2, 1991 Mrs. Fabregas was informed that she was being terminated from her employment with ITT Intermedia.

2. On October 19, 1991, Mrs. Fabregas filed a dual charge with the Anti Discrimination Unit of the Puerto Rico Department of Labor ("ADU") and with the Equal Employment Opportunity Commission ("EEOC"), alleging that her discharge from ITT Intermedia was based on age discrimination.

3. On July 3, 1993, the ADU found "probable cause" for a discriminatory discharge.

4. Upon ITT Intermedia's request for reconsideration, the ADU overturned its previ-

ous decision and dismissed Mrs. Fabregas administrative claim on January 7, 1994. The ADU notified Mrs. Fabregas of her right to request review at the EEOC.

5. On January 20, 1994, Mrs. Fabregas requested the EEOC to review the ADU decision dismissing her charge. The EEOC reviewed the case and on or about June 20, 1994, affirmed the ADU's finding of "no probable cause".

6. On July 12, 1995, Plaintiff filed the instant case pursuant to the Age Discrimination in Employment Act ("ADEA"), and its state law counterpart, the Act 100, of June 30, 1959.

Defendant has proffered a letter by the EEOC stating that the agency sent a notification of its final decision to Plaintiff's address on June 20, 1994. However, Plaintiff has accompanied a sworn statement indicating that she never received said notification.

### III. Statute of limitations

Prior to the Civil Rights Act of 1991, 102 P.L. 166, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., imposed time limits both for filing charges before the EEOC and for initiating lawsuits. The limitation period for filing an administrative charge was prescribed by section 626(d) while the limitation period for filing suit was prescribed by the Portal-to-Portal Pay Act, 29 U.S.C. § 255. The Portal-to-Portal Pay Act provides in pertinent part:

Any action—(a) ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

29 U.S.C. § 255(a).

Section 626(d) of ADEA, in addition to setting the limitation period for filing administrative charges, includes a statutory prerequisite that administrative charges be filed before civil suit could be commenced. Section 626(d) provides in pertinent part:

No civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—(1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d). Thus, under the Portal-to-Portal Pay Act, a claimant, in addition to filing the administrative claims under section 626(d), must have commenced suit within two years after the cause of action accrued regardless of whether the administrative agency had acted.

The Civil Rights Act of 1991 amended the limitations period established under the Portal-to-Portal Pay Act and eliminated the dual limitations scheme for filing charges and initiating litigation. Section 115 of the 1991 Act, codified at 29 U.S.C. § 626(e) provides the new limitation period:

If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the *date of receipt* of such notice.

29 U.S.C. § 626(e) (emphasis ours).

Section 626(d), including the statutory prerequisite that administrative charges be filed before civil suit could be commenced, remained unaltered by the 1991 amendments. Thus, the amended statute replaced the dual filing scheme that included the two year limitations period of the Portal-to-Portal Pay Act with a single limitations period which provides that a lawsuit could be filed as early as 60 days after the charge is filed with the EEOC[1], until 90 days after the complainant

1. The complainant should obtain a right to sue letter from the EEOC prior to filing a lawsuit.

received a final notification from the EEOC. Exhaustion of EEOC procedures is hence required, and the complaining party is authorized to file until ninety days after receipt of the final EEOC decision.

The instant action accrued on July 2, 1991, when Plaintiff was notified of her termination. *See Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) ("the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful"). The Civil Rights Act went into effect on November 21, 1991, while Plaintiff's charges against Defendant were pending before the EEOC. Plaintiff filed suit on July 12, 1995. As stated before, there is a material question raised by Plaintiff's sworn statement as to whether she received notification of the final determination by the EEOC. Should the statute of limitations of the Portal-to-Portal Pay Act be the applicable statute of limitations, the instant case would be time barred because the complaint was filed more than two years after the cause of action accrued. On the other hand, should the limitations period set forth by the Civil Rights Act be the applicable statute of limitations, the Court would have to deny Defendant's Motion for Summary Judgment because said period of limitations does not begin to run until actual receipt of the EEOC's determination.

■ Likewise, the cause of action under the Act 100, P.R. Laws Ann. tit. 29 § 149 *et seq.*, is not to be dismissed. The statute of limitations for the state cause of action under Act 100 is tolled during the pendency of the proceedings before the EEOC. *Matos v. Roche Products, Inc.*, —— P.R.Dec. ——, 93 J.T.S. 6., at 10318 (1993).

■ The issue as to which statute of limitations should be applied to ADEA actions accruing before the effective date of the 1991 Act but filed after the Act became effective has not been resolved by the First Circuit nor by the Supreme Court. Some appellate and trial courts have concluded that the amended statute of limitations should apply. *See St. Louis v. Texas Worker's Compensation Com'n*, 65 F.3d 43, 45 (5th Cir.1995); *Garfield v. Nichols Real Estate*, 57 F.3d 662, 665 (8th Cir.1995); *Anderson v. Unisys Corp.*, 52 F.3d 764, 765 (8th Cir.1995), *certiorari denied*, —— U.S. ——, 116 S.Ct. 299, 133 L.Ed.2d 205 (1995); *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 889 (2d Cir.1995); *Smith v. ZENECA, Inc.*, 820 F.Supp. 831, 833–834 (D.Del.1993) *aff'd*, 37 F.3d 1489 (3d Cir.1994) (table); *Hartig v. Safelite Glass Corp.*, 819 F.Supp. 1523, 1529 (D.Kan.1993); *McConnell v. Thomson Newspapers, Inc.*, 802 F.Supp. 1484, 1495–96 (E.D.Tex.1992). However, other courts have concluded that all of the provisions of the 1991 Act were to be applied only prospectively, including the statute of limitations provisions. *See Antos v. Bell & Howell*, 891 F.Supp. 1281 (N.D.Ill.1995); *Browning v. AT & T Paradyne Corp.*, 846 F.Supp. 970, 972–73 (M.D.Fla.1994); *Sussman v. Salem*, 826 F.Supp. 1416 (M.D.Fla.1993). This Court concurs with the line of cases that hold that the limitations period enacted in the 1991 Act should apply to claims filed after its enactment, including those in which the cause of action accrued before the Act. The holdings that favor the application of the 1991 statute are grounded on the Supreme Court decision in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and are consistent with a previous decision of the First Circuit Court of Appeals [2].

In *Landgraf*, the Supreme Court was presented with the question of whether section 102 of the 1991 Act, authorizing jury trial in cases where the complaining party sought compensatory and punitive damages in Title VII cases, should be applied to conduct occurring before its enactment. The Court held that legislation that would impair substantive rights should apply only to conduct occurring after the statute's effective date, absent clear Congressional intent to make the legislation retroactive. *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505.

---

2. *See Ruggieri v. Warner & Swasey Company*, 938 F.2d 322 (1st Cir.1991) (holding that employees were not barred from taking advantage of the Age Discrimination Claims Assistance Act, enacted during pendency of appeal to extend the limitations period applicable to employees' claims for violations of the Age Discrimination in Employment Act (ADEA)).

■ The Court rested its holding on the unfairness that attends retroactive legislation. *Id.* at 266–67, 114 S.Ct. at 1497–98. However, the Court noted, "[e]ven absent specific legislative authorization, application of new statutes passed after the events in suit is unquestionably proper in many situations." *Id.* at 273, 114 S.Ct. at 1501. Specifically, the Court noted that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity," because individuals have diminished reliance interests in matters of procedure, and because rules of procedure affect secondary rather than primary conduct. *Id.* at 274, 114 S.Ct. at 1502. In order to determine whether a statute has retroactive effects, a court must ask "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. at 1505.

As to the procedural nature of the right to jury trial the Supreme Court held that:

> [T]he jury trial right set out in § 102(c)(1) is plainly a procedural change of the sort that would ordinarily govern in trials conducted after its effective date. *If § 102 did no more than introduce a right to jury trial in Title VII cases, the provision would presumably apply to cases tried after November 21, 1991, regardless of when the underlying conduct occurred.* However, because § 102 makes a jury trial available only '[i]f a complaining party seeks compensatory or punitive damages,' the jury trial option must stand or fall with the attached damages provisions.

*Id.* (emphasis ours). Since the provisions authorizing compensatory and punitive damages impaired substantive rights, and the Supreme Court found that there was no clear evidence of Congressional intent to make the legislation retroactive, the Supreme Court held that said provisions only applied to conduct occurring after the statute's effective date.

Unlike the provisions authorizing compensatory and punitive damages which impose a substantive liability for the alleged discriminatory acts, the amended statute of limitations only establishes the procedure a claimant must follow in order to bring his claim to court. The amended statute of limitations requires that the civil action commence ninety days after receipt of the notification of the final determination of the EEOC or the termination of proceedings before the Commission. Appellate federal courts have held the amended 1991 statute of limitations to be overridingly procedural as opposed to substantive in nature. *See Garfield v. Nichols Real Estate,* 57 F.3d at 665 (8th Cir.1995); *Anderson v. Unisys Corp.,* 52 F.3d at 765 (8th Cir.1995); *Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d at 891 (2d Cir.1995).

■ Therefore, the Court holds that the applicable statute of limitations is the 90 days limitations period established by the Civil Rights Act of 1991 which begins to run after the claimant receives notification from the EEOC of the termination of the proceedings before the Commission. To hold otherwise would prompt inequity by denying Plaintiff's access to court, merely because Plaintiff followed a Congressional mandate, enacted while Plaintiff pursued administrative charges against Defendant, which authorized commencement of lawsuit until 90 days after receipt by the complainant of the final outcome of proceedings before the EEOC.

■ At the current summary judgment stage there is a controversy as to a material fact concerning Plaintiff's receipt of the EEOC notification. Since Plaintiff has proffered evidence that she never received the EEOC final determination, the court being barred from resolving credibility issues at this stage, *Woodman,* 51 F.3d at 1091, the 90 day period to file suit after receiving notification did not begin to run. Thus, examining the facts in the light most favorable to the non moving party, *LeBlanc,* 6 F.3d at 841, the complaint has been timely filed.

**WHEREFORE** Defendants' Supplementary Motion for Summary Judgment is hereby denied.

**IT IS SO ORDERED.**